**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES LATTIMORE, # 711352,

                Petitioner,                CASE NO. 10-cv-12887

v.                                          HONORABLE GERALD E. ROSEN

RAYMOND BOOKER,

                Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO HOLD HABEAS
PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

I.

This is a habeas case filed under 28 U.S.C. § 2254.  On July 22, 2010, Petitioner Charles Lattimore, a state inmate currently confined at the Charles Egeler Reception and Guidance Center Annex in Jackson, Michigan, filed this *pro se* Habeas Petition challenging his convictions for first-degree home invasion and felonious assault.  He was sentenced to concurrent terms of seven years, six months to twenty years in prison for the home-invasion conviction and nineteen months to four years in prison for the felonious-assault conviction.  Petitioner was convicted of these charges after a bench trial in the Third Judicial Circuit Court in Wayne County.  His convictions were affirmed on appeal.  *People v. Lattimore*, No. 290042, 2010 WL 877540 (Mich.Ct.App. Mar. 11, 2010); *People v. Lattimore*, 486 Mich. 1048, 783 N.W.2d 327 (2010).

In his *pro se* pleadings, Petitioner argues that the prosecution presented insufficient evidence to convict him of the charges.  The Court ordered Respondent to file his Answer to the Petition, and the necessary Rule 5 materials, by January 31, 2011.  Respondent filed the Rule 5 materials on January 27, 2011, and his Answer on January 28, 2011.

Pending before the Court is Petitioner's "Motion to Hold Habeas Petition in Abeyance" [dkt. # 9], filed on March 23, 2011.  Petitioner asks that the Court hold the Petition in abeyance to permit him to return to the state courts to present the following additional two claims that have not been exhausted and are not included in his current Habeas Petition: a claim that he is actually innocent and a claim that trial counsel was ineffective for failing to properly investigate his case.

For the reasons stated below, the Court grants Petitioner's Motion and holds the Habeas Petition in abeyance to permit Petitioner to return to the state courts to exhaust his additional claims.

## II.

State prisoners must exhaust available state remedies for their claims before a federal court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition.  28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citations omitted); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citations omitted).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "'fairly presents' his claim[s] to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the

opportunity to pass on defendant's claims of constitutional violations") (citations omitted). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002); *see also Baldwin*, 541 U.S. at 29 (same) (citations omitted). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state-court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Petitioner's method of properly exhausting his claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under Mich.Ct.R. 6.502. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich.Ct.R. 6.505-6.507, 6.508(B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich.Ct.R. 6.509, 7.203, 7.302; *Nasr v. Stegall*, 978 F.Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *Id.*

The Court grants Petitioner's Motion to stay his Habeas Proceedings while he returns to the state courts to exhaust. The outright dismissal of the Habeas Petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act

(AEDPA). 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The United States Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state-court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

The Court holds the Habeas Petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's Order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F.3d at 721; *see also Geeter v. Bouchard*, 293 F.Supp.2d 773, 775 (E.D. Mich. 2003) (same).

III.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Hold Habeas Petition in Abeyance" [dkt. # 9] is **GRANTED**. Petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's Order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his Habeas Petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains his newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. June 18, 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the Habeas Petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2011, by electronic mail and upon Charles Lattimore, #711352, G. Robert Cotton Facility (JCF), 3500 N. Elm Road, Jackson, MI 49201 by ordinary mail.

                                    s/Ruth A. Gunther
                                    Case Manager